PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. ISIDORO RODRÍGUEZ, Defendant and Appellant.

No. 3493. Argued June 28, 1928.—Decided July 28, 1928.

*Angel Arroyo Rivera* for the appellant. *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The pertinent part of the information in this case reads as follows:

"The said defendant Isidro Rodríguez, in or about the month of April, 1927, in San Juan, P. R., which forms part of the judicial district of the same name, while acting as messenger of Aboy, Vidal & Co., Inc., one of his duties as such messenger being to keep in his possession the different sums of money received by that corporation with the obligation to receive said sums and to deliver them to Aboy, Vidal & Co., Inc., unlawfully, wilfully, maliciously and fraudulently appropriated to his own use and to the prejudice of Aboy, Vidal &

Co., Inc., the sum of six hundred and fifty dollars, lawful money of the United States of America, which sums of money had been intrusted to the defendant and received by him within the scope of his employment as such messenger.''

The defendant pleaded guilty and the court sentenced him to two years in the penitentiary.

Notwithstanding his plea of guilty, the defendant appealed. There is no bill of exceptions nor transcript of the evidence. The only question raised in a brief which was argued orally is that the information did not adduce facts sufficient to constitute the crime of embezzlement for which the defendant had been sentenced.

Mention was made also of the circumstances which induced the defendant to plead guilty, but as nothing appears from the record, there is nothing to be investigated and decided by this court within this appeal.

It is alleged by the appellant in his brief that ''it does not appear sufficiently clearly from the information that the trust reposed in the defendant was of an express and special nature, but that the information is based on an implied responsibility by reason of his position as messenger, and that is absurd because duties and responsibilities pertaining to a cashier or inferior seller are imposed on a messenger.''

He then undertakes to distinguish between embezzlement and theft and concludes by saying that according to the information the different sums of money received by the Aboy, Vidal & Co. corporation never left the possession of the corporation and that if the said corporation delivered the money to the defendant with the obligation upon him to return it to the corporation, the relation would be only one of debtor and creditor, and that, therefore, the information is tainted with conclusions of law and so ambiguously worded that the acts charged therein can not be clearly understood.

In *People* v. *Calderón*, 18 P.R.R. 568, this court said:

''The existence of the following elements must be established to show that the crime of embezzlement has been committed: 1. A

specific property constituting the *corpus delicti;* 2. That such property was entrusted to another person in some one of the forms specified in sections 446 to 450 of the Penal Code; and 3. That such other party fraudulently appropriated the property.''

Having considered the information in the light of this jurisprudence, we find it sufficient. We agree with the reasoning of the *fiscal* in his brief in opposition. It is as follows:

''The information in the present case, in its essential facts, establishes that the defendant was a messenger of the Aboy, Vidal & Co. corporation and that it was one of his duties to keep in his possession the different sums of money received by the corporation, with the obligation to receive and deliver them to the said corporation, and that in an unlawful, malicious and fraudulent manner he appropriated to his own benefit and to the prejudice of the said corporation the sum of $650, which had been intrusted to him and received by him within the scope of his position as such messenger.

''Perhaps there might be some ambiguity in that paragraph of the information which reads . . . . . 'to keep in his possession the different sums of money received by said corporation with the obligation to receive said sums and deliver them to the corporation . . . . .'; but even admitting that such is the case, the absence of clearness in that paragraph does not lead to such ambiguity as to show that the information does not charge any offense because its essential elements are lacking.

'' 'If an information is fairly susceptible of being interpreted as charging a public offense, any vagueness or clarification of statement is to be considered as waived unless a clarification of the same be sought before trial by demurrer or by timely application for a bill of particulars.' People v. Ramírez, 25 P.R.R. 243.

''The appellant seems to contend that among the duties of a messenger is not to be included that of receiving sums of money; but in our opinion this is unimportant, because a messenger may be intrusted with receiving sums of money for a corporation even though that duty may not be included among the duties of his position, and it is sufficient if he is authorized to do so and to receive a certain sum, and if he should appropriate it to his own use we say again that that would be sufficient for the consummation of the offense, and this is what seems to have occurred in this case.''

The judgment appealed from should be affirmed.